**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor S Klotz, et al., | No. CV-24-03547-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Liberty Mutual Personal Insurance Company, et al., | |
| Defendants. | |

Before the Court is Plaintiffs Victor Klotz and Christine Klotz's Motion to Compel Appraisal (Doc. 7). The Court held a hearing on March 19, 2025. For the reasons that follow, the Court will grant the motion.

**I.**

Plaintiffs own a residence located in Scottsdale, Arizona, which is insured by a policy through Defendant Liberty Mutual Personal Insurance Company. (Doc. 1 at 10-11; *see generally* Doc. 13-2.) On or about July 26, 2023, the roof of Plaintiffs' home was damaged during a storm. (Doc. 1 at 12.) Plaintiffs filed a claim for the damage with Defendant. (*Id.*) The insurance policy includes an appraisal provision, establishing the procedures for appraisal and stating, "If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss." (Doc. 13-2 at 17.)

Plaintiff hired a roofing inspector, who determined that the damage from the storm required a full roof replacement, totaling $381,581.01. (Doc. 13-3 at 5.) Defendant conducted its own assessment of the damage to the residence, and approved $20,292.37 in

coverage after determining only 115 of the roof tiles were damaged by the storm. (Doc. 13 at 4; Doc. 13-7.) The parties' dispute over the amount of loss caused by the storm led to the filing of this action and the pending motion to compel appraisal.

## II.

Under Arizona law, principles of arbitration law apply to insurance appraisal provisions. *See Meineke v. Twin City Fire Ins. Co.*, 181 Ariz. 576, 580 (App. 1994); *Hanson v. Com. Union Ins. Co.*, 150 Ariz. 283, 285 (App. 1986). A court is "very limited in its power to refuse a motion to compel arbitration." *See Ori v. Am. Fam. Mut. Ins. Co.*, No. CV-2005-697-PHX-ROS, 2005 WL 3079044, at *2 (D. Ariz. Nov. 15, 2005). In assessing a motion, any doubts concerning the scope of arbitrable issues are to be resolved in favor of arbitration. *Id.* at *4.

## III.

The parties agree that the roof was damaged by the July 26, 2023 storm, and that an appraisal is necessary. They dispute, however, the scope of the appraiser's authority. Arizona courts have held that the appraiser's role is limited to determining the amount of loss—not questions of coverage. *Hanson*, 150 Ariz. at 286 (explaining that an appraiser is not permitted to "resolve questions of coverage [or] interpret provisions of the policy") (citation and quotation omitted).

Defendant argues that questions of coverage inherently involve questions of causation, and *both* must be decided by the fact finder as opposed to the appraiser. (Doc. 13.) As a result, Defendant asks the Court to resolve questions of causation (and therefore coverage) upfront, before ordering appraisal, and limit the appraisal to the 115 tiles that Defendant argues were damaged by the storm and therefore, covered within the policy. (*Id.*)

The Court will deny Defendant's request, as a ruling on causation and coverage is premature on the present record. The Court concludes that Plaintiffs are entitled to invoke their contractual right to appraisal and will therefore grant Plaintiffs' motion. Defendant

may litigate coverage issues after an appraisal is completed.* *See 6700 Arrowhead Owners Ass'n v. State Farm Fire & Cas. Co.*, No. CV-12-1677-PHX-DGC, 2012 WL 5868969, at *2-3 (D. Ariz. Nov. 19, 2012) (granting the plaintiff's motion to compel appraisal but reserving the defendant's right to contest the scope of coverage after appraisal).

### IV.

**IT IS ORDERED** that Plaintiffs' Motion to Compel Appraisal (Doc. 7) is granted.

**IT IS FURTHER ORDERED** the appraisal shall value all of Plaintiffs' alleged damages according to the procedures outlined in the insurance policy, but the appraiser's opinion shall be itemized to preserve Defendant's ability to assert the coverage issues already raised by Defendant.

**IT IS FURTHER ORDERED** staying proceedings until **July 1, 2025**.

**IT IS FINALLY ORDERED** setting a status conference for **July 1, 2025,** at **10:00 AM** in Courtroom 504, Sandra Day O'Connor U.S. Federal Courthouse, 401 West Washington St., Phoenix, AZ 85003 before United States District Judge Michael T. Liburdi. The parties are directed to file a joint status report on the status of appraisal proceedings no later than **June 24, 2025**.

Dated this 19th day of March, 2025.

_____
Michael T. Liburdi
United States District Judge

---

* This Order should not be construed as making any findings on coverage, causation, or the scope of the appraisal award. Both parties' arguments are preserved until appraisal proceedings are completed.